## STODDARD V. BIRD.

Action for false imprisonment may be maintained, where one procures process without cause of action, and causes another to be arrested with design to extort money from him without any legal or equitable foundation.

One may make use of legal authority in such manner as to become liable to an action for false imprisonment.

ACTION of trespass for false imprisonment. The declaration states, that, "On the 26th day of September, A. D. 1783, in the northeast precinct, in Dutchess county, state of New York (within the county of Litchfield), with force

and arms, a high-handed assault on the body of the plaintiff the defendant did make, and did then and there, without law or right, in a spiteful and malicious manner, take, seize, and cause to be arrested, the body of the plaintiff, and with the same force and arms him did unlawfully, wrongfully, and falsely imprison, hold, abuse and restrain from his liberty for the space of three days, until he did make, cause and compel the plaintiff to pay large sums of money, in order to obtain his liberty," etc.

The general issue being pleaded, the case appeared to be thus:    The plaintiff was administrator on the estate of Josiah Stoddard, deceased:    He had made a representation of insolvency to the Court of Probate for the district of Sharon; commissioners had been appointed, who received and examined the claims exhibited against the estate, and had reported the same to be insolvent.    No average had been to the creditors or ordered to be made to the Court of Probate, but was still pending.    The defendant had exhibited a debt of thirty-six shillings lawful money against said estate, to the commissioners, previously to the imprisonment complained of, which was allowed. While these matters were thus pending before the Court of Probate, the plaintiff being in the state of New York, the defendant there applied to a justice of the peace, and prayed out a *capias* against the person of the plaintiff, for the same debt of thirty shillings, which had been exhibited to the commissioners, as a claim against the estate of Stoddard, deceased.    The plaintiff was taken by virtue of this writ, carried before the justice, there held in custody till he procured special bail, and was held to a trial; on which, judgment was rendered against him for debt and cost.

' It was not agreed by the parties, nor did it appear on trial, whether the process issued by the justice was regular, and consistent with the laws of the state of New York.

Stoddard v. Bird.

Mr. Reeve and Mr. Tracy, for the plaintiff, urged that Luther Stoddard, the plaintiff, was not liable, by the laws of Connecticut, to any kind of suit for the debt which Bird had exhibited to the commissioners, during its pendency before the Court of Probate. The process issued by the justice was illegal, and not warranted by the laws of the state of New York; for the clause, *ac etiam billae,* could not legally be inserted. The British statute of the 13 Car. II, which prohibits the inserting of that clause, against executors and administrators, has been explicitly adopted by the state of New York. But admitting the form of the writ to have been regular, Stoddard ought not to have been arrested; the usual return of common bail only, should have been made: Therefore, the suit being groundless in the first instance, and illegal in the process and execution, the defendant who procured it, with a wicked intention, was guilty of a trespass, and must be liable to respond in damages.

Mr. Root and Mr. Canfield, for the defendant, admitted the laws of this state as urged on the other side, but denied that by the laws of the state of New York any other form or process could have been issued, than the one issued by the justice. If special bail was not required by law in case of an administrator, the officer did wrong not to make return of common bail and dismiss Stoddard: But this would be the wrongdoing of the officer, and not of Bird, the defendant. If the writ legally issued, no action of false imprisonment can be sustained against Bird for the act of the officer.

If there was any informality in the writ, or if the action was not sustainable before the justice, Stoddard has waived all advantages which he might have derived from that quarter, by not pleading in abatement at that time. As he

pleaded to the merits, he acknowledged the jurisdiction, and admitted the legality of the process; and the judgment being rendered against him on that issue, it is to be presumed that the right of action was well supported, according to the laws of that state.    Ld. Raym. 229, Trescot v. Carpenter and Mann.    The present action is entirely misconceived; for if Stoddard has any right of action, it must be case and not trespass.

The jury found a verdict for the plaintiff; on which the court delivered the following opinions:

ELLSWORTH, J.    Right of action against an administrator is transitory, and the action may be brought wherever he is found.    And though he is not to be arrested according to the mode of process in this state, he may be, for aught appears in the state of New York.    And the presumption is he may, because the authority there issued a warrant to make the arrest, and held him to trial upon it.

As to the suit there, being without cause, and vexatious; this is not to be intended, but the contrary, after a judgment in the plaintiff's favor, on a full trial upon the merits; but if it was so, yet if the arrest and holding was by a lawful precept, an action of false imprisonment is not the proper remedy, but an action on the case, or upon the statute against vexatious suits.    I think no trespass is here proved; and, therefore, that the jury have found wrong.

PITKIN, J.    As it appears that the administrator conducted properly, he ought to be protected, otherwise no person would be safe in that situation.    The laws of this state undoubtedly protect administrators from arrests on account of the deceased whom they represent:    For if it was otherwise, and they might be legally arrested in this way,

whenever they should happen to go out of the state, they would be liable to be ruined: Therefore, I think, the process was illegal, and the suit unwarrantable.

SHERMAN, J.    Undoubtedly there are instances where one may make use of legal authority in such manner as to become liable to the action of false imprisonment: As where one will arrest another by legal authority, without any cause of action, and not return the writ, etc.    But in this case it does not appear but the suit was legally instituted agreeably to the forms of that state; and the presumption is rather that way, for the action went to trial, and judgment was rendered by court and jury against the present plaintiff. I think that so far justifies the transaction, that this kind of remedy is not applicable to the supposed injury.    I am, therefore, of opinion the jury are wrong.

DYER, J.    Every cause will have its own peculiar complexion and leading cast. The facts here are conceded. The action of false imprisonment always goes on this ground, is the imprisonment complained of right, or is it wrong? If it appears to have been right, the action fails; if wrong, the action is supportable.    View the complexion of this case: It appears that Bird, the defendant, designed to extort from the plaintiff, in this way, a sum of money which he could not recover by law, and which Stoddard was not bound by justice to pay; this is abusing the law.    Perhaps there may be another remedy for the injury, but I think that does not bar this suit.    It is clear that Bird had no right in this state to arrest Stoddard, or even summon him before a court of justice, for that debt, under the circumstances which then attended it.    I think he had no right to do it there.    But there was a writ taken out to arrest the body of Stoddard.

Did he mean to have such a writ? He undoubtedly did, for no other would answer his purpose. The intention and design, then, was wrongful, and the act injurious; so that I cannot see but the jury have done right.

LAW, C. J. So far seems to be agreed, that the defendant has done wrong: The only question is, whether the plaintiff has chosen his proper and legal remedy. There are many cases where a man may have two remedies for the same injury. He may then make his election which he will pursue. The law means that a remedy shall be provided for every wrong, that will do equal justice to both the parties. Will this action do complete justice? I am not certain but it will do as ample justice as any other. There is no evidence but that the defendant applied for just such a writ as was issued; and it is most reasonable to suppose that he did, and that the officer conducted rightly, and agreeably to the precept. The plaintiff has consequently been injured by the procurement and wrong act of the defendant. I am therefore of opinion the verdict is right.

It was accordingly established.